IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KENNETH ALONZO SALLEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **1: 03-CV-125-3 (WLS)** |
| STEVE UPTON, Warden; et al., | : | |
| | : | |
| Defendants. | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner § 1983 action is defendants' motion for summary judgment (Doc. No 19).  Plaintiff, at all times relevant to this suit, was a prisoner at Calhoun State Prison.  Defendants are officials employed by the Georgia Department of Corrections at Calhoun State Prison.  Plaintiff alleges that, on June 23, 2003, defendant Douglas found plaintiff guilty on a disciplinary report without conducting an investigation into the facts of the report.  Plaintiff states he was denied the right to present witnesses at the hearing and denied the right to an advocate, rights which are enumerated in the Standard Operating Procedures.  Plaintiff also states that funds deducted from his prison account in the amount of $4.00 as a result of the discipline hearing was a violation of his due process rights because defendants failed to follow proper procedure.

Defendant Douglas has filed an affidavit (Exhibit A Doc. No. 20) stating that plaintiff was afforded prior notice of the hearing and was afforded a "proper hearing on the charges." Defendant Blackmon has provided an affidavit stating that plaintiff was provided an opportunity to make a statement, but refused to cooperate with the investigator. (Exhibit B Doc. No. 20).

Finally, defendant Edwards has filed an affidavit stating that any monies deducted from plaintiff's prisoner account were deducted in accordance with the policies and procedures implemented by the Georgia Department of Corrections. (Exhibit C, Doc. No. 20).

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Eleventh Amendment Immunity*

Defendants assert their entitlement to Eleventh Amendment immunity from suit in their official capacities.  The Eleventh Amendment bars suit for damages against a state or its agencies; the immunity includes state officials who are acting in their official capacity.  Seminole Tribe v. Florida, 517 U.S. 55 (1996).  As the State of Georgia has not waived this immunity as to suits brought under § 1983, plaintiff's claims against defendants in their official capacity are not cognizable.   It is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment be **GRANTED** as to plaintiff's official capacity claims.

*Due Process*

To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.  Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.  Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

States may, however, under certain circumstances create liberty interests which are protected by the Due Process Clause. See  Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96

L.Ed.2d 303 (1987).   "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-1264 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (1990)(involuntary administration of psychotropic drugs), "nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."   Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293, 2300 (1995).

    Determining whether one was deprived of liberty presents a unique challenge with prisoners, who are already deprived of their liberty in the ordinary understanding of the word. The Supreme Court has identified two situations in which a prisoner can be further deprived of his liberty such that due process is required. The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. See Sandin, 515 U.S. at 484; Vitek v. Jones, 445 U.S. 480, 492- 93, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital). The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484, 115 S.Ct. at 2300; Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (prisoners may not be deprived of statutory "good-time credits" without due process). In the first situation, the liberty interest exists apart from the state; in the second, the liberty interest is created by the state.

Admittedly, prisoners do not shed all constitutional rights at the prison gate, Wolff, 418 U.S., at 555, 94 S.Ct., at 2974, but discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin, 515 U.S. at 485.

Plaintiff's description of the disciplinary hearing does not allege sufficient detail with which one can conclude that it resulted in the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.  Plaintiff's confinement did not exceed similar, but totally discretionary, confinement in either duration or degree of restriction.   Neither the prison regulations nor the Due Process Clause itself afforded plaintiff a protected liberty interest that would entitle him to the procedural protections set forth in Wolff. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving a prison term.

While the evidence submitted by the defendants did not include documentation of either the Standard Operating Procedures nor the documentation of the disciplinary hearing, investigation, or result thereof, plaintiff has neither plead in his complaint and amended complaint, nor in his response to defendants' motion, anything that rebuts defendants' affidavits.

In light of the foregoing, it is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment be **GRANTED** and that this complaint be dismissed against all defendants in this action.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of July, 2005.

                                                                                                  //S Richard l. Hodge
                                                                                                  RICHARD L. HODGE
                                                                                                  UNITED STATES MAGISTRATE JUDGE

msd